NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEISTRITZ ADVANCED TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IPCG LLC, a/k/a INTERNATIONAL PROCUREMENT & CONTRACTING GROUP, LLC and SHAKIR ALKHAFAJI,<br><br>Defendants. | Civil Action No.: 15-4753 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Leistritz Advanced Technologies Corporation's Motion to Remand and for Just Costs and Expenses Pursuant to 28 U.S.C. § 1447. (ECF No. 6.) The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion to remand, but denies Plaintiff's motion for just costs and expenses.

## BACKGROUND

On June 1, 2015, Plaintiff filed an action against Defendants in the Superior Court of New Jersey, Bergen County, Law Division arising from Defendants' alleged breach of contract in connection with the sale of goods, and resulting breach of a related settlement agreement. (*See* ECF No. 1-1 ("Compl.").) According to Plaintiff's Complaint, in May 2013, Defendants agreed to be bound by certain terms and conditions as part of the contract, which state in relevant part: "The laws of the State of New Jersey shall apply. Any court action taken in connection with the

foregoing shall be brought in the Superior Court of the State of New Jersey, except that confirmation of an Award in Arbitration may be sought in any court of competent jurisdiction." (Compl. Ex. C ("Terms and Conditions") at 2; *id.* ¶¶ 5, 8.) Plaintiff further alleges that on August 19, 2014, the parties entered into a Settlement Agreement, which included a Consent to Judgment. (Compl. ¶¶ 19, 21; *id.* Ex. D ("Settlement Agreement"); *id.* Ex. E ("Consent to Judgment").) The Settlement Agreement states that Defendants "continue[] to be bound by the [Terms and Conditions.]" (Settlement Agreement at 2.) Furthermore, the Consent to Judgment states in pertinent part:

> 6. [Defendant] consents to venue and personal jurisdiction in the Superior Court of New Jersey, Bergen County, New Jersey for the purposes of authorizing a Judgment and waives any and all objections to venue and jurisdiction of any such court, and agrees that the laws of the state of New Jersey shall apply as to this matter.
>
> 7. Upon [Defendant's] failure to timely make all payments pursuant to the agreement executed concurrent herewith, [Defendant] hereby authorizes any attorney-at-law to appear in any court of record in the State of New Jersey; to waive the issuing and service of process and all other constitutional rights to due process of law . . . .

(Consent to Judgment ¶¶ 6, 7.)

On June 30, 2015, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. (ECF No. 1.) On July 30, 2015, Plaintiff filed a motion to remand the action to the Superior Court of New Jersey, Bergen County, Law Division pursuant to the above terms, and for just costs and expenses associated with the motion to remand under 28 U.S.C. § 1447. (ECF No. 6; *see also* ECF No. 6-1, Brief of Plaintiff in Support of Motion for Remand and for Just Costs and Expenses Pursuant to 28 U.S.C. § 1447 ("Pl. Mov. Br.").) Defendants filed opposition (ECF No. 9, Memorandum of Law of Defendants Responding to Motion for Remand

and for Just Costs and Expenses Pursuant to 28 U.S.C. § 1447 ("Def. Opp. Br.")) and Plaintiff replied (ECF No. 10, Reply Letter Memorandum ("Pl. Reply Br.")). The motion is now ripe for resolution.

## LEGAL STANDARD

"The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper. The party seeking removal carries the burden of proving that removal is proper. That burden is particularly heavy when the party seeks to avoid a forum selection clause through use of removal." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (internal citations omitted).

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27-32 (1988). Under federal law, in order for a forum selection clause to be enforceable, "the choice of forum must be mandatory rather than permissive. To assess whether a forum selection clause is mandatory, the court looks to the wording of the agreement and applies ordinary principles of contract interpretation." *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (internal citations and punctuation omitted). In short, the Court must determine whether the plain language of the contract "unambiguously states the parties' intentions" to make jurisdiction exclusive. *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (citation omitted). The forum selection clause, however, does not have to contain language such as "exclusive" or "sole" to be mandatory. *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed. App'x

82, 85-86 (3d Cir. 2006) (upholding a forum selection clause, which stated "[t]his Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania," and finding it unambiguous "[d]espite the provision's failure to use words like 'exclusive' or 'sole' with respect to venue"). Overall, the "clause must be reasonably capable of only one construction." *Wyeth*, 119 F.3d at 1074 (citation omitted).

As this Court has previously noted, "[w]hen a contract that is the subject of a dispute contains a forum selection clause, said clause is 'entitled to great weight' and is 'presumptively valid.'" *Am. Fin. Res., Inc. v. Money Source, Inc.*, No. 14-1651, 2014 WL 1705617, at *6 (D.N.J. Apr. 29, 2014) (citing *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. App'x 82, 84 (3d Cir. 2006)). The United States Court of Appeals for the Third Circuit established a general rule to test the validity of a forum selection clause. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). Under this general rule, a forum selection clause is presumptively valid and enforceable by the forum unless the objecting party establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *See id.*; *see also Days Inns Worldwide, Inc. v. Royal Hospitality Grp., LLC*, No. 12-5028, 2013 WL 538343, at *3 (D.N.J. Feb. 13, 2013) (citing standard).

## ANALYSIS

Plaintiff argues that remand is warranted because the agreements contain valid and enforceable forum selection clauses which show that Defendants unambiguously consented to

4

resolving disputes in New Jersey Superior Court, and that they are further entitled to just costs and expenses in accord with 28 U.S.C. §1447. (Pl. Mov. Br. at 2-3; Pl. Reply Br. at 2-5.) Defendants contend that the agreements contain merely a permissive consent to jurisdiction clause, rather than a mandatory forum selection clause, and alternatively argue that the clauses should be invalidated on grounds of illegality. (Def. Opp. Br. at 4-8.) Defendants further contend that Plaintiff is not entitled to recover just costs and expenses pursuant to 28 U.S.C. § 1447 because the basis for removal was not objectively unreasonable. (*Id.* at 9.) The Court finds that remand is warranted but that Plaintiff is not entitled to just costs and expenses.

### A. The Language of the Forum Selection Clause is Mandatory

The Court agrees with Plaintiff that the language of the forum selection clause is mandatory. First, the Terms and Conditions state that "[a]ny court action taken in connection with the [purchase orders] shall be brought in the Superior Court of the State of New Jersey . . . ." (Terms and Conditions at 2.) Second, the Settlement Agreement between the parties explicitly states that Defendants "continue[] to be bound by the [Terms and Conditions]," including the forum selection clause therein. (Settlement Agreement at 2.) Finally, the Consent to Judgment focuses the forum selection clause even further when it states that "[Defendant] consents to venue and personal jurisdiction in the Superior Court of New Jersey, Bergen County, New Jersey for the purposes of authorizing a Judgment and waives any and all objections to venue and jurisdiction of any such court . . . ." (Consent to Judgment ¶ 6.) The Court is satisfied that a plain reading of these clauses as a whole shows that the parties unambiguously agreed to bring any action relating to the purchase orders in the Superior Court of New Jersey.

5

### B. The Forum Selection Clause is Valid and Reasonable

The Court further finds that the forum selection clause is valid and reasonable because there is no evidence of fraud or overreaching by Plaintiff, enforcement of the clause would not violate a strong public policy of this forum, and enforcement will not deprive Defendants of their day in court. *See Coastal Steel*, 709 F.2d at 202.

First, there is no evidence of bad faith, fraud, or overreaching by Plaintiff. There is no indication that Plaintiff set New Jersey as the forum in order to discourage Defendants from pursuing legitimate claims, and furthermore, Defendants had notice of the forum selection clause and retained the option of rejecting its terms. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (noting that "bad faith" argument with respect to enforceability of forum selection clause is "belied" for same reasons).

Second, enforcement of the forum selection clause would not violate a strong policy of this forum. Although Defendants may be right that ex parte entries of judgment by confession—like the Consent to Judgment in this case—have been in disrepute in New Jersey for almost 150 years, New Jersey Court Rules do not wholly eliminate the practice, and instead merely require notice to the other party, which Defendants clearly have in this instance. *See Pressler & Verniero*, Current N.J. Court Rules, Comment 1 on R. 4:45-2 (2015). To the contrary, it would be wholly consistent with the public policy of this forum to enforce the forum selection clause in order to give force to the parties' agreement, and to then have the Superior Court of New Jersey address any issues with the Consent to Judgment. *See Jumara*, 55 F.3d at 880 (holding that valid forum selection clauses are entitled to substantial consideration).

Finally, enforcement will not deprive Defendants of their day in court. There is no

### B. The Forum Selection Clause is Valid and Reasonable

The Court further finds that the forum selection clause is valid and reasonable because there is no evidence of fraud or overreaching by Plaintiff, enforcement of the clause would not violate a strong public policy of this forum, and enforcement will not deprive Defendants of their day in court. *See Coastal Steel*, 709 F.2d at 202.

First, there is no evidence of bad faith, fraud, or overreaching by Plaintiff. There is no indication that Plaintiff set New Jersey as the forum in order to discourage Defendants from pursuing legitimate claims, and furthermore, Defendants had notice of the forum selection clause and retained the option of rejecting its terms. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (noting that "bad faith" argument with respect to enforceability of forum selection clause is "belied" for same reasons).

Second, enforcement of the forum selection clause would not violate a strong policy of this forum. Although Defendants may be right that ex parte entries of judgment by confession—like the Consent to Judgment in this case—have been in disrepute in New Jersey for almost 150 years, New Jersey Court Rules do not wholly eliminate the practice, and instead merely require notice to the other party, which Defendants clearly have in this instance. *See Pressler & Verniero*, Current N.J. Court Rules, Comment 1 on R. 4:45-2 (2015). To the contrary, it would be wholly consistent with the public policy of this forum to enforce the forum selection clause in order to give force to the parties' agreement, and to then have the Superior Court of New Jersey address any issues with the Consent to Judgment. *See Jumara*, 55 F.3d at 880 (holding that valid forum selection clauses are entitled to substantial consideration).

Finally, enforcement will not deprive Defendants of their day in court. There is no

indication that the Superior Court of New Jersey is so seriously inconvenient as to be unreasonable, and Defendants do not make arguments to that effect. The Court notes that "[m]ere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement." *Cent. Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 344 (3d Cir.1966) (quoting *Cent. Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 133-34 (1965)). Accordingly, the Court finds that the forum selection clause is valid and shall be given effect.

### C. Plaintiff is Not Entitled to Just Costs and Expenses Under 28 U.S.C. § 1447

Plaintiff argues that it is entitled to just costs and expenses under 28 U.S.C. § 1447 because Defendants had "no objective basis" to remove the action. (Pl. Mov. Br. at 3.) Defendants contend that costs and expenses should not be awarded because the clause is ambiguous and therefore it was not objectively unreasonable for Defendants to remove the action to this Court. (Def. Opp. Br. at 9.)

The Court agrees with Defendants. Section 1447 states in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447. The statutory language is clearly permissive in that an Order remanding a case "may" require payment of just costs and actual expenses. *Id.* The Court is not persuaded that Plaintiff is entitled to just costs and expenses merely because it agrees with Plaintiff that that remand is warranted. In fact, the Court finds that it was not objectively unreasonable for Defendants to argue that the forum selection clause was

permissive rather than mandatory or that it should be overruled on grounds of illegality. Accordingly, the Court will not require Defendants to pay Plaintiff's just costs and expenses associated with the motion to remand.

## **CONCLUSION**

For the reasons above, the Court grants Plaintiff's motion to remand this case to New Jersey Superior Court, Law Division, Bergen County, but denies Plaintiff's motion for just costs and expenses pursuant to 28 U.S.C. § 1447. An appropriate Order accompanies this Opinion.

DATED: September 21, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

8